

UNITED STATES DISTRICT COURT FOR THE
FOR THE SOUTHERN DISTRICT OF INDIANA



**F I L E D**

**OCT 15 2025** PJJ

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| Plaintiff   Mona Young | ) | **Jury Trial Requested** |
| | ) | |
| | ) | |
| v. | ) | 1:25-cv-12592 |
| | ) | Judge Sunil R. Harjani |
| Defendant | ) | Magistrate Judge Albert Berry, III |
| United States | ) | RANDOM / Cat. 1 |
| Attorney General | ) | |
| Pamela Bondi/ | ) | |
| Department of Justice | ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Mona E. Young seeks relief for the denial of employment because of her age, and alleges upon information and belief, as follows:

## NATURE OF ACTION

1. This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief for the Plaintiff who was denied employment because of her age. The ADEA prohibits discrimination against applicants and workers age 40 and over. As alleged in detailed below, evidence will establish that, Defendant United States Attorney Pamela Bondi (Department of Justice) has failed to hire an employee protected by the ADEA for positions within the federal government based on her age. The Plaintiff seeks damages including back pay and liquidated damages. The Plaintiff will further seek injunctive relief.

1

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 451, 1331, 1337, 1343 and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 626 in that this case arises under federal law specifically, the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C § 621 et seq.

2. Venue lies in this District pursuant to 28 U.S.C. § 1391 (e) in that all parties reside in this District and a substantial part of the events and omissions at issue in this case occurred in this District.

3. Plaintiff is an individual residing in Marion County, Indianapolis, Indiana and employed in Cook County, Chicago Illinois. Plaintiff was born on May 26, 1969.

4. United States Attorney General Pamela Bondi, overseeing the Department of Justice, a federal agency governed under federal laws and the laws of the state of Illinois. For all periods of time relevant to the Complaint, the United States Attorney General Pamela Bondi (Department of Justice) had many tens of thousands of employees.

## PARTIES

5. Plaintiff Mona E. Young is an individual residing in Marion County, Indianapolis Indiana. Plaintiff is employed at the Drug Enforcement Administration's Chicago Divisional Offices and did so during the event.

6. Defendant United States Attorney General Pamela Bondi/Department of Justice is a federal agency. For all periods of time relevant to this Complaint, and the defendant is a federal agency with hundreds of thousand's employees.

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of the lawsuit, the plaintiff filed a charge of discrimination with the Drug Enforcement Administration (DEA) alleging violations of the ADEA.

8. Prior to the institution of the lawsuit, the Plaintiff attempted to eliminate the unlawful employment practices being alleged and effect voluntary compliance with the ADEA through informal and formal complaints and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C § 626 (d).

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Background Facts

10. Plaintiff began working for the defendant in 2013, at the age of 44 as an Investigative Assistant which was a general service level (GS) 6/7.

11. Over the course of ten years of her employment, plaintiff obtained a bachelor's degree in communication with a minor in criminal justice, earned excellent and outstanding performance ratings and numerous incentive awards.

12. In the later part of 2021, the plaintiff applied for a program assistant position in the Chicago Division Office of the Drug Enforcement Administration (DEA). It was a GS 9/11 level position. The plaintiff made the best qualified (BQ) list, but never received any notification regarding the position or being interviewed for the position until after the position was filled. The person hired for the position was under 40. The Plaintiff never received the opportunity for an interview.

13. In March 2022 the plaintiff applied for a registrant position located in DEA Indianapolis Office. Around May 17, 2022, after requesting status on the position from the human resource department, the plaintiff was informed the position was canceled and that she would have to reapply when it was readvertised. The plaintiff complied. When it was readvertised, it was accompanied by another registrant

position in the Merrillville Indiana Office. Both positions fall under the DEA Chicago Division and the Plaintiff applied for both positions.

14. Following a mandatory May 30, 2022 meeting regarding a Business Operations Service (BOS) department being formed in January 2023, the plaintiff informed her supervisor Mr. Alfred Cooke that she was not interested in applying for any of the positions under BOS after he inquired.

15. Around June 2023, Plaintiff received a notification regarding an interview for the Merrillville Indiana position but nothing regarding the Indianapolis position. After making an inquiry to Donna Weiske, the Chicago Human Resource (HR) representative, Indianapolis position, Ms. Weiske referred the Plaintiff to the Indianapolis supervisor who informed the plaintiff that he had never received her application package. The Plaintiff had to ask Ms. Weiske to send her application package to the Indianapolis office so she could be considered for the position.

16. During the Indianapolis office interview, Michael Feraldo, the Merrillville registrant supervisor, interrupted the plaintiff's interview three times. The plaintiff had to ask the interview panel to pause the interview and she asked Mr. Feraldo to stop interrupting. When the plaintiff returned to the interview, the panel concluded it.

17. During the Merrillville interview in July 2022, a diversion investigator on the interview panel asked the Plaintiff whether or not she was performing any of the task for the registrant position in her current position. The plaintiff performed tasks for the position for a number of years prior to but not at that time since Mr. Feraldo stopped allowing the plaintiff to assist in her current position.

18. The interview panel for both locations sited the two selectees were performing tasks for the registrant position in their current position as the reason they were hired. In a statement under-oath, the Indianapolis supervisor stated his decision for the selectee was not based on merit or experience. His decision was based on the selectee being "trainable". Both job announcements were merit based.

4

19. In October 2022, during an end of the fiscal year performance counseling meeting with Alfrred Cooke, the plaintiff was informed she could not apply for any other positions within the DEA unless they fell under the BOS department, which would be implemented in January 2023. The plaintiff reiterated she had no desire to work in the BOS department and would not apply for the positions. Mr. Cooke, in an attempt to entice the plaintiff to apply for one of the two positions in the Merrillville office, stated when she received the lower-level position which he said was a GS 6/7 position, she would be able to keep her current GS level 8 pay. The only GS 6/7 level positions under BOS were in the Chicago office.

20. In early February 2023, the plaintiff was informed she would now fall under the BOS department by the new supervisor Timothy Husk, because she was considered an over hire. He also informed her that she could apply for the GS 6/7 position in Merrillville but when she got it, she could keep her GS level 8 pay. The plaintiff informed Timothy Husk the only GS 6/7 positions under BOS were in Chicago. The Merrillville office positions were promotional opportunities.

21. After the February discussion both supervisors, Mr. Cooke and Timothy Husk began treating the plaintiff less favorably and unduly critically.

22. On April 27, 2023 the plaintiff reached out to Employee Assistance Program (EAP) for assistance with coping with work related stress.

23. In May 2, 2023, the plaintiff received two memorandums of warning. One for failure to follow instructions and the other for inattention to detail.

24. In June 2023 the plaintiff was marked awol twice and placed on a Performance Improvement Plain (PIP).

25. In July 2023 the plaintiff received a notice of reprimand.

26. In September 2023 a letter of reprimand was placed in the plaintiff's personnel file. The reprimand along with the other disciplinary actions lowered her performance rating, preventing the plaintiff from applying for positions that provided upper mobility and receiving incentive awards.

27. In November 2023 the plaintiff was investigated by the office of professional responsibility (OPR) for bad conduct.

28. In March 2024 the plaintiff was transferred to Chicago to work. All of her responsibilities under her position description were taken from her within two months of the transfer.

29. During the 17 years of being employed with the government, 12 years working for the Drug Enforcement Administration (DEA), the only time the plaintiff had been placed on a PIP was during the period of time following her reporting an employee for sexual harassment in 2013. The plaintiff's DEA supervisor at that time, willfully retaliated against the plaintiff for reporting the sexual harassment by placing her on a PIP.

30. The agency continued to retaliate against the plaintiff through 2024. During that time the plaintiff was given a 7-day suspension without pay.

31. By January 2025 the plaintiff was investigated again by OPR. Within two months of the OPR interview, the plaintiff was cleared of any wrong-doing.

32. In January 2025 federal employees were given the option to resign by February 6, 2025 and still get paid until September 30, 2025. Due to all the actions taken against the plaintiff, the plaintiff inquired into applying for the deferred resignation being offered. She was informed her request would be subjected to approval and the disciplinary problems would be factored into the decision.

33. On July 7, 2025 the plaintiff received her Notice of Rights to Sue.

34. Plaintiff has therefore exhausted her administrative remedies with respect to Counts I and II of this complaint.

## CAUSES OF ACTION

### COUNT I
### Violation of Section 623(a)(1) of the ADEA – Age Discrimination

(29 U.S.C. § 623(a))

35. Plaintiff repeats and restates the foregoing Allegations Common to All Counts as if fully recited again here.

36.  The plaintiff's age was known because her date of birth was on her military discharge paperwork (DD-214) as well as her disabled 30% or more Veteran rating was included in her application packages for all the positions in which she applied.

37. Plaintiff has suffered substantial damages on account of pretext of disciplinary actions against her including, among other things, loss of pay, opportunity and other damages.

38. On account of the foregoing, plaintiff is entitled to recover her losses back and front pay and punitive (i.e. double) damages from United States Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration) under the ADEA, and prays that the Court enter judgment for her, and against defendant, following a trial by jury, for damages and related relief.

39. Plaintiff further prays that, on account of defendant's foregoing violations of the ADEA, the Court award plaintiff any/all attorney fees, professional fees and other costs and expenses of this suit.


COUNT II

Violation of Section 623(d) of the ADEA – Discriminatory Retaliation Through Adverse Actions

(29 U.S.C. § 623 (d))

40. Plaintiff repeats and restates the Allegations Common to All Counts as if fully recited again here.

41. United States Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration) violated the anti-retaliation provisions of the ADEA by adverse actions made against the plaintiff in her 2022 Case against United States

7

Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration).

42. Plaintiff has suffered substantial damages as a result of the adverse actions made against the Plaintiff by the United States Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration).

43. The adverse actions the plaintiff endured for implementing a Case was wanton and willful inasmuch as the supervisors knew that mistreating the plaintiff in retaliation for exercising her rights under the ADEA was unlawful.

44. On account of the foregoing, plaintiff is entitled to recover back pay and front pay from the United States Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration) as well as punitive damages to the extend provided by the act of wanton and willful violations thereof, and prays that, after a trial by jury, the Court enter judgment for her, and against United States Attorney General Pamela Bondi (Department of Justice/Drug Enforcement Administration) for such damages.

45. Plaintiff further prays that, on account of the foregoing violation of ADEA, the Court award her all attorney fees, professional fees and other costs and expenses of this suit.

<u>CONCLUSION</u>

WHEREFORE, plaintiff prays that following a trial by jury, this Court enter judgment for plaintiff and against the defendant for back pay, front pay, and compensatory and punitive damages to the extend provided by the ADEA, as well as all attorneys' fees, expenses and cost, and that the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Mona E. Young    10-15-25

Mona E. Young

Plaintiff

U.S. Department of Justice

**Complaint Adjudication Office**

Agency Complaint No. DEA-2022-00858
EEOC No. 470-2024-00011X

*4CON*
*150 M St. NE, Room 6.1607A*
*Washington, DC 20530*

July 17, 2025

Mona Young
Mona.e.young@dea.gov
1mrsmyoung@gmail.com

Dear Mona Young:

This is in reference to the complaint of discrimination
that you filed against the Department of Justice. Enclosed is
the Department of Justice's Final Order and Memorandum
Explaining the Final Order. The Department of Justice accepts
the Administrative Judge's (AJ) decision that the Drug
Enforcement Administration (DEA) did not subject you to
disparate treatment or a hostile work environment based on your
race, sex, disability, age, or prior EEO activity. If you
decide to appeal the AJ's decision, please follow the
instructions below.

<u>Rights of Appeal</u>

You have the right to appeal any part of this decision to
the Equal Employment Opportunity Commission (EEOC). You may do
so by filing your appeal within thirty days of the date you
receive this decision. If you are represented by an attorney of
record, the thirty-day appeal period shall begin to run the day
your attorney receives this decision. The EEOC's Office of
Federal Operations (OFO) strongly encourages complainants to
file their appeals online at the EEOC's Public Portal located at
www.publicportal.eeoc.gov/portal.

If filing electronically, go to the EEOC's Public Portal
website and click on the "Filing with the EEOC" link. If you do
not already have Public Portal credentials, you will be asked to
register by entering your contact information and confirming
your email address. Once you are registered you can request an
appeal, upload relevant documents (e.g., a statement or brief in
support of your appeal), and manage your personal and

1

representative information.  In completing the appeal form on the Public Portal, when answering the question "which agency is named in your complaint," please make sure that you select the magnifying glass icon next to the answer box.  From the drop-down menu that appears listing all DOJ components, you must select "DOJ Drug Enforcement Administration" before answering the remaining questions.

The electronic appeal form also requires you to specify the date and method by which you sent a copy of your appeal to the representative for the agency component.  Please be aware that the DEA representative for accepting a copy of your appeal is Deputy General Counsel Sandra T. Stevens.  You can submit a copy of the appeal electronically to Ms. Stevens at Sandra.t.stevens@dea.gov.

If you do not have access to a computer for electronic filing, you may file your appeal by mail by sending the attached EEOC Form 573, Notice of Appeal/Petition, to Carlton M. Hadden, Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013-8960.  You must also send a copy of your notice of appeal that you file with Sandra T. Stevens, DEA Headquarters, 8701 Morrisette Dr., 12E.351, Springfield, VA 22152.  When electronically filing your appeal with EEOC through the EEOC Public Portal, you must state, either on, or attached to, the notice of appeal, the date and method by which you sent the copy of the appeal to Ms. Stevens.

Second, you have the right to file a civil action in the appropriate United States District Court within ninety days of the date you receive this decision.  In filing your federal complaint, you should name Attorney General Pamela Bondi as the defendant.  Even if you appeal this decision to the EEOC, you still have the right to go to federal court.  You may file a civil action in the United States District Court within ninety days of the day you receive the Commission's final decision on your appeal, or after 180 days from the date you filed your appeal with the Commission, if the Commission has not made a final decision by that time.  Please note that if you file a civil action in United States District Court, the EEOC will terminate your EEOC appeal proceedings.

2

If you cannot afford to file a civil action, you can ask
the court to allow you to file the action at no cost to you.
The court may also provide you with an attorney if you cannot
afford to hire one to represent you in your civil action.
Questions concerning when and how to file a waiver of costs
should be directed to your attorney or the District Court clerk.

Sincerely,

Kathleen J. Monaghan
Acting Complaint Adjudication Officer

cc: Joel A. Kravetz
Sandra T. Stevens
Derek Orr
McRae Cleaveland
Jason Mao
Milos Jovanovic
Aarika D. Mack-Brown

3